SCHEB, Judge.
The state appeals the trial court’s orders granting Gregory Meola’s two motions to suppress evidence. We have jurisdiction under Fla.R.App.P. 9.140(c)(1)(B).
The first order appealed relates to Meo-la’s motion to suppress statements made by him after he was given Miranda[1] warnings; the second deals with Meola’s motion to suppress a firearm found in his car. As to the motion suppressing the statements, we affirm. As to the other motion, we reverse.
The state charged Meóla with two counts of aggravated assault and one count of criminal mischief, violations of sections 784.021 and 806.13, Florida Statutes (1983). Meóla pled not guilty and moved to suppress: (1) statements he made to the officers after he had received his Miranda warnings; and (2) the gun the police seized from his car.
At the suppression hearing, the following facts were adduced. Meóla and his girlfriend, Patty Grant, had an argument. Grant left Meola’s apartment and flagged *646 down a car driven by David Cramer. She asked Cramer to take her to her parents’ home. When he acceded to her request, Meóla chased Grant and Cramer in his car. Cramer drove into a drugstore parking lot. Meola’s car struck Cramer’s vehicle once as they were driving and again after Cramer had stopped. Grant ran inside the drugstore for help.
Police officers responded to the call. Lt. Fred Koelber went inside the drugstore to talk to Grant, while Officer Louis Middleton remained outside with Cramer and Meóla. Officer Middleton began his investigation by talking with Meóla, Cramer, and a bystander. Cramer told Middleton that Meóla had pointed a gun at him after the collision. When Middleton asked Meóla if he had a gun, Meóla said he did not.
Meanwhile, inside the store, Grant told Lt. Koelber that Meóla always carried a gun in his car. Koelber came back outside but was not aware of what Cramer had told Middleton concerning the gun-pointing incident. The officers then arrested Meóla for aggravated assault with a vehicle. Middleton read Meóla his Miranda rights in Koelber’s presence. Koelber asked Meó-la if he wished to speak with them. Meóla said no.
Lt. Koelber then asked Meóla if he had a gun in his car. Koelber explained that he asked Meóla this question because the officers intended to impound Meola’s car as evidence of the aggravated assaults on Cramer, and he wanted the gun for safekeeping. Meóla acknowledged that he had a gun on the front seat of his car. Koelber saw the gun in plain view on the front seat and retrieved it.
At that point, Cramer identified the gun as the one Meóla had pointed at him. This was the first time that Koelber had any knowledge that Meóla had used a gun. Other officers subsequently proceeded to impound the car and conducted an inventory search.
The trial court suppressed the defendant’s statement that he had a gun and the gun itself. The state’s timely appeal ensued.
In contending that the trial court erred in suppressing Meola’s statements, the state relies on New York v. Quarles, 467 U.S. 649, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984). There, the United States Supreme Court created an exception to the giving of Miranda warnings where police, in apprehending a suspect, were confronted with the immediate necessity of ascertaining the whereabouts of a gun which they had reason to believe the suspect had discarded in a public area and which posed a danger to public safety. Id., 467 U.S. at -, 104 S.Ct. at 2632, 81 L.Ed.2d at 558. The state argues that this exception justified Lt. Ko-elber’s question to Meóla concerning the gun.
We reject the state’s argument on this point. Unlike Quarles, the gun was not hidden in a public area. Rather, it was in plain view in the front seat of Meola’s car which was being impounded by the police. Moreover, Officer Middleton had already given Meóla his Miranda rights, thus negating any argument that an emergency existed to justify the question concerning the gun. Thus, the trial court was correct in suppressing any statements made after Miranda warnings were given.
On the other hand, we agree with the state that the trial court erred in suppressing the gun itself. The gun was in plain view on the front seat of Meola’s car. Therefore, in impounding the car and conducting an inventory search, the officers would have inevitably discovered the gun. Thus, the gun is admissible. Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); see also State v. Le-Croy, 461 So.2d 88, 90 (Fla.), cert. denied, — U.S. -, 105 S.Ct. 3532, 87 L.Ed.2d 656 (1985); Hayes v. State, 488 So.2d 77 (Fla. 2d DCA 1986).
Accordingly, we affirm the trial court’s suppression of Meola’s statements made after Miranda warnings were given. We reverse the trial court’s suppression of the gun found in Meola’s car and remand for proceedings consistent with this opinion.
RYDER, C.J., and SANDERLIN, J„ concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).